UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62531-CV-SMITH

ELMER CARTAGENA BONILLA,

    Petitioner,

v.

KRISTI NOEM, *et al.*,

    Respondents.
_____/

## ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND DISMISSING CASE AS MOOT

This matter is before the Court on Petitioner's Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief [DE 4] ("Emergency Motion"). Petitioner seeks a temporary restraining order preventing his transfer outside this District and requiring Respondents either to release Petitioner or provide a constitutionally sufficient bond hearing under the proper statutory framework. However, on November 10, 2025, Petitioner agreed to voluntarily depart from the United States and an Immigration Judge has ordered Petitioner to depart the United States no later than December 10, 2025.[1] If Petitioner does not depart by December 10, 2025, the voluntary departure order will be voided and an alternative order of removal will take effect, resulting in a ten-year bar to reentry. Because of the entry of the Voluntary Departure Order, Petitioner's requested relief in the Emergency Motion is essentially moot, as Petitioner must be released in order to voluntarily depart the United States. Thus, the

---

[1] The Immigration Judge's Order was entered on November 10, 2025. It is not clear why Petitioner waited twenty-nine days to file the instant Petition, thereby creating the need for "emergency" relief.

1

Court cannot meaningfully grant the relief requested in the Emergency Motion.

Similarly, Petitioner's Emergency Petition for Writ of Habeas Corpus [DE 1] is also moot. The Petition seeks: (1) an order preventing Respondents from transferring Petitioner out of this District; (2) a writ of habeas corpus directing Respondents to immediately release Petitioner from custody; (3) in the alternative, a bond hearing before an immigration judge; (4) a declaration that Petitioner's arrest, stop, and initial seizure violated the Fourth Amendment of the Constitution and that the Government may not continue to detain Petitioner; and (5) a declaration that Petitioner's continued detention violates his substantive due process rights under the Fifth Amendment of the Constitution. Again, because Petitioner has voluntarily agreed to deport and a Voluntary Departure Order has been entered, which Petitioner does not directly challenge, the relief sought in the Petition is essentially moot, as Respondents must release Petitioner to enable him to self-deport. *See Cartagena Bonilla v. Noem, et al.*, Case No. 25-62395-Bloom, Order on Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction (S.D. Fla. Dec. 5, 2025) (finding that while a federal district court has jurisdiction to review Petitioner's wrongful detention claims, the requested relief is effectively rendered moot as a result of the Voluntary Departure Order, which will require Respondents to release Petition from custody to permit him to self-deport). Thus, the Court also cannot meaningfully grant the relief requested in the Emergency Petition.

Accordingly, it is

**ORDERED** that:

1. Petitioner's Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief [DE 4] is **DENIED as moot**.

2. Petitioner's Emergency Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED.**

3. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 9th day of December, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record